UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLAN LEE W.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C19-5998-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Child's Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by failing to account for severe impairments of personality disorder and developmental coordination disorder. (Dkt. #11.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1974, has a high school education and college degrees, and has no past relevant work. AR at 22. Plaintiff applied for benefits on March 3, 2017, alleging disability began January 1, 1995. *Id.* at 14. After conducting a hearing in June 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 371-416, 14-23.

ORDER - 1

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the 1995 alleged onset date.

Step two: Prior to attaining age 22 in 1996, Plaintiff had the following severe impairment: attention deficit disorder.

Step three: This impairment did not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Prior to attaining age 22, Plaintiff could perform work at all exertional levels. He could tolerate superficial interaction with others in a predictable work setting with routine workplace changes. He could not perform fast-paced production work.

Step four: Plaintiff had no past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed, Plaintiff was not disabled prior to attaining age 22.

AR at 16-23. In a separate application not at issue here, Plaintiff was found disabled beginning in 2007. *Id.* at 27.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Plaintiff contends the ALJ erred by failing to find personality disorder and developmental coordination disorder severe impairments at step two and include related limitations in the RFC. His argument relies on the opinions of three medical sources.

### A. Standards for Reviewing Step Two Determinations

At step two, an ALJ determines a claimant's severe medically determinable impairments. A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. Impairments are severe if they "significantly limit" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). An ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

B.  **Standards for Reviewing Medical Opinions**

If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions: "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

**C.  The ALJ Did Not Harmfully Err by Excluding Personality Disorder at Step Two**

   *1.  John D. Gilbert, Ph.D.*

In 2017, on initial consideration, the agency determined Plaintiff's severe medically determinable impairments were attention deficit/hyperactivity disorder and personality disorder. AR at 40. State agency nonexamining psychologist Dr. Gilbert opined Plaintiff had several moderate limitations. *Id.* at 42-43. Plaintiff's application was denied at the initial and reconsideration levels based on Dr. Gilbert's opinions.

The ALJ did not explicitly address Dr. Gilbert's opinions. Plaintiff notes the ALJ rejected several opinions because they were dated well after he reached age 22, but Dr. Gilbert's opinion was not among them. *See* AR at 20. The Commissioner contends any error in addressing Dr. Gilbert's opinions was harmless because the RFC adequately accounted for the opined limitations. The Court agrees.

In the area of social interaction, Dr. Gilbert opined Plaintiff was "[m]oderately limited" in his ability to interact with the public and get along with coworkers, and further explained

Plaintiff should be "limited to superficial interaction with the public [and] others in the workplace." AR at 43. Accordingly, the RFC limits Plaintiff to superficial interaction with people. *Id.* at 18.

In the area of adaptation, Dr. Gilbert opined Plaintiff was moderately limited in responding to changes in the work setting and setting realistic goals or making plans independently, further explaining Plaintiff "would be able to work in a setting which is predictable with routine work changes." AR at 43. Accordingly, the RFC limits Plaintiff to a "predictable work setting with only routine workplace changes." *Id.* at 18.

In the area of concentration and persistence, Dr. Gilbert opined Plaintiff was moderately limited in his abilities to maintain extended attention and concentration, work in coordination with or proximity to others without being distracted, and complete a normal workday and workweek and perform at a consistent pace without an unreasonable amount of rest breaks. AR at 42-43. Dr. Gilbert further explained Plaintiff was "capable of simple and more complex tasks appropriate for his education." *Id.* at 43. The RFC additionally accommodated concentration difficulty and distractibility by prohibiting fast-paced production work. *Id.* at 18. Plaintiff argues Dr. Gilbert "opined [he] was socially limited from close proximity to others." (Dkt. #11 at 6.) This misrepresents Dr. Gilbert's opinion that Plaintiff was moderately limited in resisting distraction when in close proximity to others. Plaintiff has not shown Dr. Gilbert's opinion required any further restrictions. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming where ALJ's "assessment is consistent with restrictions identified in the medical testimony").

Plaintiff fails to show the ALJ harmfully erred in handling Dr. Gilbert's opinions. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ is not required to provide reasoning to reject limitations that are reasonably incorporated into the RFC).

2.  *Richard L. Schneider, M.D.*

On March 25, 1997, Dr. Schneider examined Plaintiff and diagnosed him with attention deficit disorder and personality disorder. AR at 346. Dr. Schneider opined Plaintiff did "not present an inviting picture to potential employers" and suggested his vocational rehabilitation counselors "help him prepare for interviews…." *Id*. The ALJ interpreted this to mean Dr. Schneider opined Plaintiff was capable of performing full time work, although he may have difficulty getting hired, and gave Dr. Schneider's opinions "significant weight." *Id.* at 21.[3] Plaintiff's alternative interpretation, that Dr. Schneider "opined [he] was socially limited from close proximity to coworkers," finds no support in Dr. Schneider's report. (Dkt. #11 at 6.) Even if Plaintiff's alternative interpretation were rational, the ALJ's rational interpretation should not be disturbed. *Thomas*, 278 F.3d at 954.

Plaintiff has not shown the ALJ erred by failing to include any limitations in the RFC caused by personality disorder. Accordingly, regardless of whether the ALJ erred by failing to include personality disorder at step two, any error was harmless. *Lewis*, 498 F.3d at 911.

**D. The ALJ Did Not Harmfully Err by Excluding Developmental Coordination Disorder at Step Two**

In December 2009 David Fordyce, Ph.D., opined Plaintiff "has long standing psychological impairments … and the combination of cognitive, motor, and psychosocial difficulties may well preclude effective employment." AR at 294. Dr. Fordyce noted several

---

[3] As the Commissioner notes, the Social Security disability determination is made without regard to whether a claimant "would be hired if [he] applied for work." 20 C.F.R. § 404.1566(a)(3).

items Plaintiff supplied, including a 1996 test showing low scores in "clerical speed." *Id*. In May 2011, Dr. Fordyce reviewed a "recent" assessment showing "impaired performances on several fine motor tasks" consistent with "poor fine motor performance" in a January 2009 evaluation. *Id.* at 289. Based on "a combination of motor, cognitive, and social impairments," Dr. Fordyce opined "effective function in a competitive work environment would be very difficult." *Id*.

Plaintiff erroneously states Dr. Fordyce "diagnosed" developmental coordination disorder. (Dkt. #11 at 5 (citing AR at 287).) Dr. Fordyce wrote Plaintiff "does not fit into a precise diagnostic category but presents with elements of Developmental Coordination Disorder" and other disorders. AR at 287. That he has only some elements necessary to establish the disorder implies he does not meet the full diagnostic criteria. If developmental coordination disorder was not a medically determinable impairment, there was no error in excluding it at step two even if the ALJ erred by discounting Dr. Fordyce's opinions. In any case, the ALJ permissibly discounted Dr. Fordyce's opinions.

The ALJ gave Dr. Fordyce's opinions "little weight" because his report was prepared in the context of an application for Supplemental Security Income benefits and thus applied to Plaintiff's impairments at the time, not in 1996 before Plaintiff turned 22. AR at 21. Plaintiff argues Dr. Fordyce's review of a 1996 test showing low clerical speed and his use of the terms "life long" and "long standing" indicate that Dr. Fordyce's opinions are applicable to 1996. (Dkt. #11 at 5 (citing AR at 287, 294).) While Dr. Fordyce opined Plaintiff had lifelong impairments, nothing in his report suggests he opined what their severity or functional consequences were 15 years earlier, or that the severity remained unchanged for 15 years. Plaintiff points to a 1997 neuropsychological evaluation stating that records showed he "scored poorly on measures of

dexterity of fingers and hands," but there is no evidence Dr. Fordyce reviewed this evaluation or the underlying testing. AR at 351.

The ALJ's interpretation of Dr. Fordyce's opinions as applicable to a period long after Plaintiff turned 22 was rational and must be upheld. *Thomas*, 278 F.3d at 954. This was a specific and legitimate reason to discount Dr. Fordyce's opinions. Plaintiff fails to show the ALJ harmfully erred in excluding developmental coordination disorder as a severe impairment.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 14th day of April, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge